# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NORTH JERSEY BRAIN & SPINE CENTER,

     Plaintiff,

vs.

UNITED HEALTHCARE INS. CO.; OXFORD HEALTH INS., INC.; OXFORD HEALTH PLANS (NJ), INC.; OXFORD HEALTH PLANS (NY), INC.; BENJAMIN MOORE & CO.; LOEWS HOTELS & RESORTS CORP.; WELLS FARGO CORP.; FAIRLEIGH DICKINSON UNIV.; UNITED HEALTH-CARE SERVICES, INC.; UNITED HEALTH-CARE SERVICES, LLC; AXA ASSISTANCE USA, INC.; and, ABC CORPS. 1-100,

     Defendants.

Civil Case No. 2:18-cv-15631

Before:  Susan D. Wigenton, U.S.D.J.
            Leda D. Wettre, U.S.M.J.

Return Date:  August 19, 2019

**Oral Argument Requested**

---

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO REMAND FOR LACK OF JURISDICTION AND FOR AN AWARD OF FEES AND COSTS

---

Eric D. Katz  |  NJ Atty. No. 016791991
David M. Estes  |  NJ Atty. No.  034532011
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
P: 973-228-9898
F: 973-228-0303
E: ekatz@mazieslater.com
*Counsel for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ......................................................................................................................... 1

REPLY ARGUMENT ................................................................................................................... 2

    A.  United is Limited to the Jurisdictional Facts Alleged in its Removal Pleading ................... 2

    B.  United Cannot Establish Prong 1A of *Pascack* .................................................................. 4

    C.  United Cannot Establish Prong 1B of *Pascack* .................................................................. 6

    D.  United Cannot Establish the Second Prong of *Pascack* ...................................................... 8

        (1) Pre-Approval ............................................................................................................. 9

        (2) Direct Agreements ..................................................................................................... 11

        (3) Course of Dealings ..................................................................................................... 11

        (4) NJ Healthcare Statutes ............................................................................................... 12

    E.  The Court Should *Not* Exercise Supplemental Jurisdiction ................................................ 15

CONCLUSION ............................................................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>

*Access Mediquip LLC v. UnitedHealthcare Ins. Co.*, 662 F.3d 376 (5th Cir. 2011),
  *aff'd en banc*, 698 F.3d 229 (5th Cir. 2012) ...............................................................................10

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ...................................................................8,15

*Aetna Health Inc. v. Srinivasan*, No. A-2035-14, 2016 WL 3525298
  (N.J. App. Div. June 29, 2016) ........................................................................................12

*Am. Ortho. & Sports Med. v. Indep. Blue Cross Blue Sh.*, 890 F.3d 445
  (3d Cir. 2018) ..................................................................................................................4

*Blue Cross of Cali. v. Anesth. Assoc. Med. Grp., Inc.*, 187 F.3d 1045 (9th Cir. 1999)..................8

*Boro. of W. Mifflin*, 45 F.3d 780 (3d Cir. 1995) ...................................................................15

*Brown v. Jevic*, 575 F.3d 322 (3d Cir. 2009) ...........................................................................6

*CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165 (3d Cir. 2014)............................................8

*Cath. Healthcare W.-Bay Area v. Seafarers Health & Benefits Plan*,
  321 F. App'x 563 (9th Cir. 2008) .....................................................................................9

*Cohen v. Horizon Blue Cross Blue Sh. of N.J.*, 2017 WL 3623832 (D.N.J.
  June 2017), *R&R adopted*, 2017 WL 3623746 (D.N.J. Aug. 2017) ......................................13,14

*Cohen v. Horizon*, 2017 WL 1206005 (D.N.J. Mar. 2017) ("*Cohen I*") ................................13,14

*Dart Cherokee Basin v. Owens*, 135 S. Ct. 547 (2014) ................................................................3

*Dieffenbach v. Cigna*, 310 F. App'x 504 (3d Cir. 2009) ............................................................7

*E. Coast Aesthetic Srgy. v. United Healthcare*, 2018 WL 3201798 (D.N.J. June 29, 2018) ..........4

*Elite Ortho. & Sp. Med. v. Aetna Ins.*, 2015 WL 5770474 (D.N.J. 2015) ......................................6

*Farina v. Nokia*, 625 F.3d 97 (3d Cir. 2010). ..........................................................................1

*Fellhauer v. City of Geneva*, 673 F. Supp. 1445 (N.D. Ill. 1987).................................................2

*Fischer v. G4S Secure Sols. USA*, 2014 WL 2887803 (D.N.J. June 25, 2014) .............................4

*Garrick Cox M.D. LLC v. Cigna Healthcare*, No. 16-4611, 2016
  WL 6877778 (D.N.J. Oct. 28, 2016), *R&R adopted*, No. 16-4611,
  2016 WL 6877740 (D.N.J. Nov. 21, 2016) .....................................................2,5

*Glastein v. Aetna, Inc.*, 2018 WL 4562467 (D.N.J. Sept. 24, 2018) .........................9

*Hansen v. Grp. Health Coop.*, 902 F.3d 1051 (9th Cir. 2018) ...........................7,13

*Healy v. Ratta*, 292 U.S. 263 (1934) .........................................................1

*Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*,
  623 F. Supp. 2d 568 (D.N.J. 2009) .........................................................15

*Hospice of Metro Denver, Inc. v. Grp. Health Ins. of Oklahoma, Inc.*,
  944 F.2d 752 (10th Cir. 1991) .............................................................8

*Kollman v. Hewitt Assocs.*, 487 F.3d 139 (3d Cir. 2007) .................................8

*Krys v. Aaron*, 112 F. Supp. 3d 181 (D.N.J. 2015) .....................................1,4

*Makwana v. Medco Health Servs.*, 2016 WL 7477755 (D.N.J. 2016) .......................15

*Maldonado v. Ramirez*, 757 F.2d 48 (3d Cir. 1985) ....................................14

*Mang v. Luth'n Chld'n & Fam. Serv. of E. Penn.*, 2014 WL 3964919
  (E.D. Pa. Aug. 12, 2014) ..................................................................3

*Manning v. Merrill Lynch*, 772 F.3d 158 (3d Cir. 2014) .................................6

*McCulloch Ortho. Surgl. Servs., PLLC v. Aetna Inc.*, 857 F.3d 141 (2d Cir. 2017) ......9

*MedWell, LLC v. CIGNA Healthcare of N.J., Inc.*, No. 13-3998,
  2013 WL 5533311 (D.N.J. Oct. 7, 2013)......................................................5

*Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990).............. *passim*

*Menkes v. Prudential Ins.*, 762 F.3d 285 (3d Cir. 2014) ...............................9

*Merrick v. UnitedHealth Grp.*, 175 F. Supp. 3d 110 (S.D.N.Y. 2016).....................16

*MHA v. Empire Healthchoice HMO*, 2018 WL 549641 (D.N.J. Jan. 25, 2018) .............2,3,5,8

*MHA LLC v. Healthfirst*, 629 F. App'x 409 (3d Cir. 2015) ...............................3

*N.J. Carpenters & the Trs. v. Tishman Constr.*, 760 F.3d 297 (3d Cir. 2014) .........12,13

*NJBSC v. Aetna, Inc.*, 801 F.3d 369 (3d Cir. 2015)....................................................................1

*NJBSC v. Aetna Life Ins. Co.*, No. 16-1544, 2017 WL 659012 (D.N.J.
  Feb. 17, 2017), *R&R adopted*, 2017 WL 1055957 (D.N.J. Mar. 20, 2017) .....................11,12,14

*NJBSC v. CGLIC*, 2011 WL 4737063 (D.N.J. 2011) ....................................................................5

*NJBSC v. MultiPlan*, 2018 WL 6592956 (D.N.J. Dec. 14, 2018) ..............................................6,12

*Pascack Valley Hosp., Inc. v. Loc. 464A UCFW Welfare Reimbursement
  Plan*, 388 F.3d 393 (3d Cir. 2004), *cert. denied*, 546 U.S. 813 (2005) ............................ *passim*

*Progressive Spine & Orthos. v. Anthem Blue Cross Blue Sh.*, 2017 WL 4011203
  (D.N.J. Sept. 11, 2017) ...................................................................................................5,6

*Progressive Spine & Ortho., LLC v. Empire Blue Cross Blue Sh.*, No. 16-01649,
  2017 WL 751851 (D.N.J. Feb. 27, 2017) ...................................................................................6

*Pryzbowski v. U.S. Healthcare*, 245 F.3d 266 (3d Cir. 2001) ....................................................8

*Sellers v. Schonfeld*, 270 N.J. Super. 424 (App. Div. 1993)..........................................................14

*SLF No. 1, LLC v. Unitedcare Servs. Inc.*, No. 2:12-00070, 2014 WL 518222
  (M.D. Tenn. Feb. 7, 2014) ............................................................................................10

*State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229 (D.N.J. 2002)..................................................3

*Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006
  (3d Cir. 1987)....................................................................................................................14

*Supernus Pharm. v. Actavis*, 2014 WL 6474039 (D.N.J. Nov. 2014) ...........................................14

*Thomas R. Peterson, M.D. PC v. Cigna Health & Life Ins. Co.*, 2018
  WL 3586273 (D.N.J. July 25, 2018)................................................................................5

*USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190 (3d Cir. 2003), *cert. denied*,
  541 U.S. 903 (2004)..........................................................................................................3

*Weinberg v. Dinger*, 106 N.J. 469, 483-84 (1987) ....................................................................12

*Zahl v. Harper*, 282 F.3d 204, 210-11 (3d Cir. 2002) ..................................................................1

*Zrodskey v. Head Clf'n Off.*, 2012 WL 1565417 (D.N.J. May 2, 2012)........................................14

iv

**<u>Statutes</u>**

28 U.S.C. § 1447(c) ......................................................................................................2

ERISA § 502, or 29 U.S.C. § 1132 ......................................................................... *passim*

ERISA § 514 ...........................................................................................................8,9

**<u>Rule</u>**

Local Civil Rule 7.2 ....................................................................................................14

## **INTRODUCTION**

Plaintiff North Jersey Brain & Spine Center ("NJBSC") submits this reply brief in further support of remand, and in response to defendants' brief. Removal jurisdiction is strictly construed because of its corrosive effect on the federalist system, and its impingement on state sovereignty, *Healy v. Ratta*, 292 U.S. 263, 270 (1934); *Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1447 (N.D. Ill. 1987), especially regarding healthcare matters, *Zahl v. Harper*, 282 F.3d 204, 210-11 (3d Cir. 2002); *Farina v. Nokia*, 625 F.3d 97, 115-16 (3d Cir. 2010). Congress only intended complete preemption to capture a "narrow class of cases." *Pascack Valley Hosp. v. Loc. 464A UFCW Welfare Rebrm't Plan*, 388 F.3d 393, 398 (3d Cir. 2004). ERISA's purpose is to protect patients--not to immunize the managed care industry, like the United defendants[1] here. *NJBSC v. Aetna*, 801 F.3d 369, 373 (3d Cir. 2015).

Here, United concedes "that the *Pascack Valley* test applies." (Db12).[2] However, it has failed to carry its "heavy burden" to establish removal jurisdiction. (Pb10). The defense buries in a footnote the fact that United plans contain an anti-assignment provision, generally. (Db10 n.3). Nor does United dispute that it

---

[1]     "United" refers collectively to defendants United Healthcare Ins. Co., Oxford Health Ins., Inc., Oxford Health Plans (NJ), Inc., Oxford Health Plans (NY), Inc., United Healthcare Services, Inc. United Healthcare Services, LLC.

[2]     "Pb__" refers to NJBSC's opening brief in support of remand (D.E. 16); and, "Db__" refers to the United defendants' brief opposing remand (D.E. 23).

1

maintains this affirmative defense. (Db18). United also avoids meaningful analysis of Prong 1B. It is axiomatic that United's silence amounts to an admission. *Krys v. Aaron*, 112 F. Supp. 3d 181, 197 n.18 (D.N.J. 2015) (un-briefed issue waived).

United also flunks the second prong. The second prong focuses on the "crux," or heart, of a dispute. *Pascack*, 388 F.3d at 402. Here, the crux is United representing to NJBSC that it will pay for medical services during pre-approval, but then United reneged and failed to correctly pay for the services rendered, *see* Pb29-33. There is no ERISA removal jurisdiction here for the precise reasons this Court has remanded prior improper removals: *MHA v. EmpireChoice,* 2018 WL 549641 (D.N.J. 2018); *Garrick Cox M.D. v. Cigna Healthcare*, 2016 WL 6877778 (D.N.J. 2016). Like *MHA* and *Garrick*, here the *Memorial Hospital* rule dictates no ERISA preemption.

In sum, remand is required. Ignoring this Court's prior on-point decisions, United filed a knee-jerk, meritless removal--a common delay tactic in healthcare litigation, which expends the Court's and parties' resources and time. NJBSC requests reasonable attorneys' fees and costs. 28 U.S.C. § 1447(c).

## **REPLY ARGUMENT**

### **A.   United is Limited to the Jurisdictional Facts in its Removal Pleading**

It is axiomatic that a litigant is bound by the averments in its pleading. A plaintiff cannot amend its complaint post-removal to defeat federal jurisdiction. The other side of that coin is that a removing defendant is also bound by the jurisdictional

bases and facts in its removal pleading. *MHA LLC v. Healthfirst*, 629 F. App'x 409, 412 (3d Cir. 2015) (declining to consider jurisdictional argument "as this was not a basis for removal claimed in the notice of removal") (citing *USX Corp. v. Adriatic Ins.*, 345 F.3d 190, 203–05 n.11 (3d Cir.2003) ("'Completely <u>new grounds for removal jurisdiction may not be added and missing allegations may not be furnished</u>'")[3]; *St. Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 240-41 (D.N.J. 2002) (same); *Mang v. Luth'n Chld'n & Fam. Serv. of E. Penn.*, 2014 WL 3964919, at *4 (E.D. Pa. Aug. 12, 2014) ("Asserting additional grounds for removal in a brief is improper…. Court need only review whether this action is removable under the <u>grounds asserted **in the Notice of Removal**</u>").

Here, the defense (apparently) concluded that the jurisdictional facts it alleged are inadequate to sustain federal jurisdiction. Consequently, United is attempting to re-write its removal pleading by adding **327 pages of <u>new</u> jurisdictional facts** (D.E. 23-2 to 23-26), the exhibits attached to the Certification of Maryann Britto (D.E. 23-1). This defense tactic is prohibited: "Third Circuit law is clear that additional grounds for removal cannot be asserted after the 30 days" *Mang*, 2014 WL 3964919, at *4.[4] United is not permitted to abandon its pleading and rely on hundreds of pages

---

[3]    In this reply brief, emphasis in quoted text is added unless indicated otherwise.

[4]    To backdoor these new jurisdictional facts, United cites to <u>the syllabus</u> of *Dart Cherokee Basin v. Owens*, 135 S. Ct. 547, 549 (2014). However, the actual *Dart* opinion is inapposite, merely holding that "when a defendant seeks federal-court

of extra-pleading "facts" (where a plaintiff only has 15 pages to reply) to coverup the gaps in its original pleading. The extra-pleading materials should be disregarded.

## B.   <u>United Cannot Establish Prong 1A of *Pascack*</u>

For 25 of the 27 patients (93%), the analysis of prong 1A of *Pascack* begins and ends with the anti-assignment clause. *Am. Ortho. & Sports Med. v. Indep. Blue Cross Blue Sh.*, 890 F.3d 445, 453 (3d Cir. 2018) (anti-assignment bars standing). United claims there are 5 patients for which NJBSC has standing. (Db13,17). But buried in a footnote, United flip-flops admitting there are anti-assignment provisions for 3 of these purported assignments. (Db10 n.3, 18). United conspicuously avoids responding to plaintiff's discussion of anti-assignment law, *see* Pb15-16. Consequently, the issue is waived and conceded. *Krys*, 112 F. Supp. 3d at 197 n.18 (holding un-briefed issue waived; "passing reference to an issue...will not suffice"); *Fischer v. G4S Secure Sols. USA*, 2014 WL 2887803, at *15 (D.N.J. June 25, 2014) (same). Specifically, it is <u>undisputed</u> by United on this motion to remand that:

- United plans contain anti-assignment provisions, *e.g.*, *E. Coast Aesthetic Srgy. v. United Healthcare*, 2018 WL 3201798 (D.N.J. June 29, 2018);

- United admits tacitly that it intends to assert that NJBSC lacks standing, *see* Db18, 10 n.3; *e.g.*, *MedWell v. CIGNA Healthcare of N.J.*, 2013 WL 5533311, at *4 (D.N.J. Oct. 7, 2013); and,

---

adjudication, the defendant's amount-in-controversy <u>allegation</u> should be accepted when not contested by the plaintiff or questioned by the court," noting unlike here, that "no antiremoval presumption attends cases invoking CAFA." *Id.* at 553, 554. Here, United does not point to any allegation in its pleading. Rather, it is relying on untimely, extra-pleading factual material -- which is prohibited by Third Circuit law.

- Decisional law in this District holds the first prong cannot be established where there is an anti-assignment provision, *Progr. Spine & Ortho. v. Anthem Blue Cross Blue Sh.*, 2017 WL 4011203, at *7-9 (D.N.J. 2017).

It is, thus, impossible as a matter of fact, law and equity for United to establish Prong 1A. The defense wants it both ways. United acknowledges that most of its plans have anti-assignment provisions; yet defendant does not repudiate or waive this defense.[5]

To provide context, Judge McNulty recently explained the rise and role of the anti-assignment clause in the litigation tactics of the managed care industry:

This is the latest chapter in the quest of out-of-network health care providers to be reimbursed…. The <u>providers first struggled to be heard in federal court</u>, finally persuading the Third Circuit that they could, via assignment, assert the rights of their patients. The <u>Plans in many cases have responded by adopting anti-assignment provisions</u>…. To avoid ERISA preemption and get around the anti-assignment provision, the provider here has asserted…an independent state-law contract claim on behalf of itself, rather than its patient. The insurer, citing ERISA preemption, has removed the case to federal court and promptly moved to dismiss on, *inter alia*, standing grounds. <u>The result, from the</u> **<u>insurer's point of view, should be that the provider cannot sue anywhere</u>**…. I will grant [the provider's] motion to remand

* * *

…[A]n anti-assignment provision renders the purported assignments ineffective; it is as if there were no assignments at all. Moreover, [the provider] explicitly disclaims any attempt to assert the rights of its patient…. It purports to assert its own rights under [common law] theories ….

---

[5]     United relies on *NJBSC v. CGLIC*, 2011 WL 4737063 (D.N.J. 2011) (Db15), however this Court's more-recent decisions, applying the *Memorial Hosp*. rule, demonstrate that United has misinterpreted the Court's 2011 decision, *compare MHA*, 2018 WL 549641 (D.N.J. 2018) (**Wigenton**, J.); *Garrick*, 2016 WL 6877778 (**Wettre**, J.), *R&R adopted*, 2016 WL 6877740 (D.N.J. 2016) (**Wigenton**, J.); *Thomas R. Peterson, M.D. v. Cigna Health & Life*, 2018 WL 3586273, at *2–3 (D.N.J. July 2018) (**Wigenton**, J.), granting remand under analogous circumstances.

*Progr. Spine*, 2017 WL 4011203, at *1,8-9. For 25 of the patients (93%), United cannot satisfy the Third Circuit standard: "The <u>possibility – or even likelihood</u> – that ERISA's pre-emption provision may pre-empt the [plaintiff] Hospital's state law claims is <u>not</u> a sufficient basis for removal"; "the <u>absence</u> of an assignment is <u>dispositive</u> of the complete pre-emption question." *Pascack*, 388 F.3d at 398, 404.[6]

In sum, United has <u>not</u> carried its "heavy burden" to eliminate "all doubts" regarding whether there is removal jurisdiction. *Manning v. Merrill Lynch*, 772 F.3d 158, 162 (3d Cir. 2014); *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). United should be judicially estopped from taking duplicitous, incoherent positions regarding the efficacy of the anti-assignment clause and NJBSC's ERISA standing.

## C.   <u>United Cannot Establish Prong 1B of *Pascack*</u>

Even though United has produced two allegedly viable assignments, it nevertheless has not satisfied the first prong of *Pascack*. United concedes that, under

---

[6]   United's "Box 27" argument is a *non sequitur* because even if *arguendo* checking a box was sufficient (it is not, *see* Pb17-21), the anti-assignment in Patient P.B.'s plan apparently overrides standing. United's reliance on *Elite Ortho. & Sp. Med. v. Aetna Ins.*, 2015 WL 5770474 (D.N.J. 2015) is misplaced. Factually, there that plaintiff "concede[d] that the assignments were for the payment of benefits" proving standing, not via checking Box 27. *Id.* *3. See NJBSC v. MultiPlan*, 2018 WL 6592956, at *3,7-8 (D.N.J. Dec. 14, 2018) (remanding where insurer made "Box 27" argument). Legally, other courts have **openly rejected *Elite* for its lack of** "**analysis to support its conclusion**." *Progr. Spine & Orthos. v. Empire Blue Cross Blue Sh.*, 2017 WL 751851, at *10 n.7 (D.N.J. Feb. 2017) (*"Elite Ortho*....did not provide an in-depth analysis to support its conclusion and relied upon *Metro. Life*... – a case where there was no independent promise of preauthorized coverage"). *See also* Pb33 n.18 (distinguishing line of cases, like *Elite*; explaining why *ultra vires*).

prong 1B, it must prove these assignments are broad enough to encompass the types of claims alleged by NJBSC; towards that end, United claims they are "full" "wholesale" assignments. (Db13,18-19). However, United then retreats from undertaking any <u>textual analysis</u> of the purported assignments, instead discussing irrelevant EOBs. (Db19-25).

The Third Circuit holds that the content and scope of an assignment are key to the jurisdictional analysis, *see* Pb22-23 (collecting cases). "State law claims that fall outside of the scope of [ERISA's civil enforcement provision], even if preempted by [ERISA], are still governed by the well-pleaded complaint rule, and therefore, are not removable" *Dieffenbach v. Cigna*, 310 F. App'x 504, 508 (3d Cir. 2009). United's burden was to articulate what ERISA "replacement" claim exists for each cause of action relating to Patients W.M. and M.S., and demonstrate those federal rights were actually assigned to NJBSC. *Id*.; *Hansen v. Grp. Health*, 902 F.3d 1051, 1057-58 (9th Cir. 2018). Complete preemption does not allow United to remove NJBSC only to strand plaintiff in federal court without reciprocal federal causes of action. *Id.* United has refused to identify the replacement federal rights, nor has the defense stipulated that the textual scope of the assignments it submitted is broad enough to confer standing to prosecute federal claims. *Compare* Pb24 n.13 *with* Assignment of Patient W.M. (Ex. F of Def. Not. Removal).

At bottom, as this Court in *MHA* held, 2018 WL 549641, at *3 n.3, when a "'provider that has received an assignment…and has [an independent] state law claim… [it] holds <u>two separate claims</u>.'" *CardioNet v. Cigna Health Corp.*, 751 F.3d 165, 178 (3d Cir. 2014) (emph. by Court). *See* Pb24-25 (collecting cases). The fact that United has submitted assignments for a couple of the 27 patients is irrelevant because the Complaint expressly states that NJBSC has elected in this action not to exercise derivative patient rights, if any, but rather to pursue its own direct claims. *See* Compl. ¶¶ 36-39, 76, 48-49, 41 (Ex. A of D.E. 1).[7]  The first prong is not met.

**D.**    <u>**United Cannot Establish the Second Prong of *Pascack***</u>

Even if *arguendo* an assignment or two satisfied the first prong (they do not, *supra*), remand should be granted because United cannot eliminate all doubts

---

[7]    United relies on a pair of inapposite first-party decisions: *Kollman v. Hewitt Assocs.*, 487 F.3d 139 (3d Cir. 2007) (no dispute re subject-matter jurisdiction; issue was express preemption under ERISA § 514 of professional malpractice where plan participant had statutory standing); *Pryzbowski v. U.S. Healthcare*, 245 F.3d 266 (3d Cir. 2001) (not provider-plaintiff lawsuit; issue was preemption where plan participant had statutory standing). Neither decision address derivative ERISA standing. More fundamentally, courts have made clear that the "**bare fact that the Plan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA**'s enforcement provision." *Blue Cross of Cali. v. Anesth. Care Assocs. Med. Grp.*, 187 F.3d 1045, 1051 (9th Cir. 1999); *Hospice of Metro v. Grp. Health Ins. of Okla.*, 944 F.2d 752, 754-56 (10th Cir. 1991) ("'mere fact that the [law] has some economic impact on the plan does not require that the [law] be invalidated'"). In any event, *Pryzbowski* recognized that state claims are not preempted when, like here, "they were laws of general application that were neither directed to ERISA plans" and "had only an indirect economic effect on ERISA plans." 245 F.3d at 278.

regarding the second prong. United must prove there is "no legal duty (state or federal) independent of ERISA or the plan terms." *Davila*, 542 U.S. at 208 (2004).

**(1) Pre-Approval.** Buried at the end of its brief, United finally addresses the crux of this lawsuit: the *Memorial Hospital* rule. (Db38-69). Significantly, the defense does not dispute--and so <u>concedes</u>--that pre-approval/pre-authorization supports an independent duty. *Id*. As the Second Circuit held in remanding,

> We conclude that any legal duty Aetna has to reimburse [provider] McCulloch is <u>independent and distinct from its obligations under the patient's [ERISA] plan</u>. McCulloch's…claim against Aetna arises… from a freestanding state-law duty…. <u>McCulloch called Aetna for his own benefit to decide whether he would accept or reject a potential patient</u>…. McCulloch's conversation with Aetna, therefore, is not governed by the plan's terms or…an interpretation of the plan[]….[8] McCulloch does not seek to enforce the patient's right…. He is suing in his <u>own right pursuant to an independent obligation</u>…. [T]his is simply a suit between a third-party provider and an insurer based on the insurer's independent promise.

*McCulloch Ortho. Surgl. Servs. v. Aetna*, 857 F.3d 141, 150-151 (2d Cir. 2017). United's sole response is to argue that the rule should be interpreted narrowly to only apply to "no pay" claims vs. "under pay" claims. But the truth is that managed care's

---

[8]     United cites *Menkes v. Prudential Ins.*, 762 F.3d 285 (3d Cir. 2014) claiming a court will be required to "interpret" ERISA plans. (Db39). However, it is axiomatic that, in adjudicating a *Memorial Hospital* claim, the "fact finder will <u>not have to interpret an ERISA plan</u> to determine the terms of the implied contract or the nature of [the insurer's] misrepresentations." *Cath. Healthcare v. Seafarers Health & Benefits Plan*, 321 F. App'x 563, 564–65 (9th Cir. 2008); *Glastein v. Aetna*, 2018 WL 4562467, at *3-4 (D.N.J. Sept. 2018) ("no reason why the Court would need to reference an ERISA plan to adjudicate Plaintiff's [*Memorial Hosp*] claims"). United conflates express preemption under ERISA § 514, which is at issue in *Menkes*, with complete preemption under § 502, the only issue presented on this motion.

9

attempts to gut the rule have already been rejected by courts. *Id.* at 144-45 (remanding where after pre-approval, insurer issued partial payment). Indeed, United is disingenuous as it raised the same argument before the same Circuit Court that issued the original *Memorial Hospital* decision. In *Access Mediquip v. UnitedHealthcare*, a provider obtained pre-approval from United, including "representations that the patients had health benefits coverage…and [the insurer] would pay customary and reasonable charges" 662 F.3d 376, 380-81 (5th Cir. 2011).

Like here, there United issued only a partial payment as to some patients. *Id.* at 380. In holding there was no ERISA preemption under *Memorial Hospital*, the Fifth Circuit rejected any distinction between the existence and extent of coverage:

> United asserts that we have "consistently used" the "'existence' of patient coverage versus 'extent' of patient coverage analysis" under which claims based on "extent" misrepresentations are preempted.… [W]e are not aware of, any case in which we held that ERISA preempts a…provider's state law misrepresentation claims premised on allegations that it was misled… regarding the extent of coverage…. On the contrary, the claim <u>we held was not preempted in *Transitional* was premised on an alleged misrepresentation regarding the extent of [the patient's] coverage</u>…. It is difficult to see why preemption should depend on whether a provider alleges that it was misled by explicit promises of future payment or by statements about coverage.… The "existence-of-coverage" versus "extent-of-coverage" distinction…is thus at odds with both the reasoning and the result of *Transitional*. Other circuits that…have also <u>rejected an existence-versus-extent approach</u>.

*Id.* at 383-85. In a nutshell, courts reject United's narrow reading of *Memorial Hospital* as a "<u>distinction without a difference</u>." *SLF No. 1 v. United Healthcare Servs.*, 2014 WL 518222, at *1 (M.D. Tenn. Feb. 2014). Here, NJBSC relied on the

misrepresentations of defendants during pre-approval/pre-authorization calls, which induced plaintiff to render surgical services. (Pb32-33). The *Memorial Hospital* rule applies in the same manner regardless of the content of misrepresentation.

   **(2) <u>Direct Agreements</u>**.   United completely ignores--and so concedes--that direct agreements also support duties independent of ERISA or the patients' plans. *See* Pb33,36-38. There is extensive decisional law holding that when a healthcare reimbursement dispute arises from an independent contract, there is no ERISA preemption of the provider's claims. *Id.* Yet another undisputed basis to remand.

   **(3) <u>Course of Dealings</u>**.   United gripes that NJBSC's allegations regarding the parties' course of dealing are too "vague" (Db19), and the other claims are not adequately pled (Db32-37). However, United conflates the procedural posture here:

> The Court here is deciding a motion to remand and not a motion to dismiss. The Court need not determine at this point whether Plaintiff sufficiently has pled its [claims] so as to state a claim upon which relief can be granted. But the point is NJBSC is the master of its complaint and it has chosen to plead its claims this way.  (Citations omitted).

*NJBSC v. Aetna Life Ins.*, 2017 WL 659012, at *5 (D.N.J. Feb. 2017). The defense also objects to the course of dealings claim being asserted against the plan sponsor defendants. (Db19). However, these allegations are proper as the administrator defendants served as the sponsors' agent, therefore the administrator's conduct is attributable to the sponsors. (Compl. ¶¶ 32,34-37). As to the balance of United's arguments on the course of dealing, plaintiff relies on its opening brief, Pb34-36.

**(4) NJ Healthcare Statutes**. On prong 2, United's lead argument is that allegedly the NJ healthcare statutes and regulations do not provide an independent duty. **However, this argument is <u>moot</u> because there are other independent duties** *supra***, which is all that is required for remand**. Second, it is well established that statutory and regulatory context can inform an implied contract claim. *Weinberg v. Dinger*, 106 N.J. 469, 483-84 (1987) ("agreement...incorporates by reference the regulatory requirement....the agreement and the regulation it adopts could serve as an <u>independent basis</u> for [defendant's] liability"); *Aetna Health v. Srinivasan*, 2016 WL 3525298, at *3-5,9 (N.J. App. Div. 2016) (NJ healthcare statutes inform implied contract claim arising from insurer's course of conduct); *e.g.*, *NJBSC*, 2017 WL 659012, at *1,5,n.3 (holding implied contract based on course of dealing relating to NJ healthcare regulations not preempted); *MultiPlan*, 2018 WL 6592956, at *3,7-8.

More fundamentally, the Third and Ninth Circuits have made crystal clear that a state statutory claim provides a duty independent of ERISA. *N.J. Carpenters & the Trs. v. Tishman Constr.*, 760 F.3d 297, 304 (3d Cir. 2014) (NJ statutory claim's "independence is best understood by looking to what the plaintiffs must prove to prevail. To determine whether the defendant is liable, a court must simply compare the amount that [plaintiffs] were paid to the amount that they were owed under the [New Jersey statute]. No reference to any ERISA plan is necessary"); *Hansen*, 902

F.3d at 1059-60 ("statutory duty exists apart from a plan's defined terms, even if a plan happens to use the same language…. relevant [preemption] inquiry, however, focuses on the <u>origin</u> of the duty, not its relationship with the health plans").

In light of *N.J. Carpenters* and *Hansen*, United's heavy reliance on the inapposite, non-precedential *Cohen* decisions is misplaced. (Db26-31) (citing *Cohen v. Horizon Blue Cross Blue Sh. of N.J.*, 2017 WL 3623832 (D.N.J. June 2017), *R&R adopted*, 2017 WL 3623746 (D.N.J. Aug. 2017), *quoting Cohen v. Horizon*, 2017 WL 1206005 (D.N.J. Mar. 2017)). The most-recent *Cohen* decisions merely parrot the first. The original *Cohen* decision is inapposite because it was undisputed that the provider there had ERISA standing, and the dispute involved Horizon recouping $97,820 previously paid for medical care to 30 patients. *Cohen I*, 2017 WL 1206005, at *1. Unlike *Cohen I* (post-payment dispute relating to recoupment), here liability arises from United's pre-service representations and conduct inducing NJBSC to render services. The holding in *Cohen* is also fundamentally undermined by the fact that the plaintiff there failed to bring to that court's attention that defendant-insurer Horizon complies with NJ healthcare statutes in processing claims **as a matter of corporate policy**--a fact Horizon <u>admitted</u> in 2008 in separate litigation with NJBSC. *See* Excerpt of 7/29/08 Dep. of Susan Hayes (Estes Reply Cert., Ex. A). In short, the NJ healthcare statutes were applied as a companywide policy that has little

to no connection with a specific plan term. For all these reasons, the *Cohen* decisions have no bearing on this motion.[9]

In sum, United relies on extensive counter-factual, extra-pleading arguments that contradict, or twist, the allegations in NJBSC's Complaint, for example, distorting the significance of statements in the patients' EOBs. (Db2-10,20-21). Local Civ. R. 7.2 requires Ms. Britto's Certification, and the incomplete, self-serving documents attached as exhibits, be disregarded as there is not attestation of "personal knowledge," and she engages in prohibited legal conclusions.[10] More fundamentally, the Third Circuit holds that United cannot trump, or re-write, NJBSC's complaint:

> Ruling on whether an action should be remanded to the state court from which it was removed, <u>the district court **must focus** on the plaintiff's complaint</u>…. In so ruling the district <u>court **must assume as true all factual allegations** of the complaint</u>…. It remains the defendant's burden to show the existence and continuance of federal jurisdiction.

---

[9]   In a footnote, United argues that there is no independent right of action under the NJ healthcare statutes and regulations. (Db30 n.10). The defense conflates the jurisdictional and merits analyses; whether there is an independent duty is premature as this is a motion to remand, not to dismiss. *NJBSC*, 2017 WL 659012, at *5.

[10]   *See* L. Civ. R. 7.2(a) ("certifications…<u>shall</u> be restricted to statements of fact within the <u>personal knowledge</u> of the signatory"); *Zrodskey v. Head Clf'n Off.*, 2012 WL 1565417, at *4 (D.N.J. May 2, 2012)("Statements in affidavits made in the absence of personal knowledge or without factual foundation, and conclusory statements for which no basis in fact or personal knowledge is provided, are not properly considered. Nor may a court consider hearsay statements or representations and argument of counsel"); *Supernus Pharm. v. Actavis*, 2014 WL 6474039, at *3 (D.N.J. Nov. 2014)(collecting cases); *Maldonado v. Ramirez*, 757 F.2d 48, 50-51 (3d Cir. 1985) ("affidavit that is 'essentially conclusory and lacking in specific facts' is inadequate"); *Sellers v. Schonfeld*, 270 N.J. Super. 424, 427, 530-31 (App. Div. 1993) (improper to consider un-authenticated or incomplete copies of documents).

*Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted). **Any <u>one</u> independent legal duty is sufficient; here, there are several, including under the *Memorial Hospital* rule**. *Horizon Blue Cross v. E. Brunswick Surg.*, 623 F. Supp. 2d 568, 574 (D.N.J. 2009) (strict application of "independent duty" analysis is "too narrow…and disregards the *Davila* Court's finding that <u>any</u> independent legal duty…provide[s]…jurisdiction in state court").

## E.   <u>The Court Should *Not* Exercise Supplemental Jurisdiction</u>

Moreover, even if *arguendo* NJBSC had ERISA standing with respect to a patient or two, or an isolated count or allegation were preempted,

> the Third Circuit has determined that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district <u>court **must** decline to decide the pendent state claims</u> unless considerations of judicial economy, convenience, and fairness…provide an affirmative justification…."

*Makwana v. Medco Health Servs.*, 2016 WL 7477755, at \*4 (D.N.J. 2016) (quoting *Boro. of W. Mifflin*, 45 F.3d at 788 (3d Cir. 1995)). United admits that some of the plans are not governed by ERISA. (Db29). So even if this Court ultimately found an isolated allegation or claim to be preempted, the lion's share should be remanded.

## <u>CONCLUSION</u>

Plaintiff NJBSC's motion to remand and an award of fees should be granted.

Respectfully submitted,

BY:   *s/ Eric D. Katz*
ERIC D. KATZ

<u>Dated</u>:  August 12, 2019